THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN JIANYUANDA MIRROR TECHNOLOGY CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A<br><br>Defendants. | Civil Case No.: 24-cv-7581<br><br>Honorable Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Shenzhen JianYuanDa Mirror Technology Co., Ltd. ("PLAINTIFF") against the defendants identified on Annex A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Annex A (collectively, the "Defendant Internet Stores"), and PLAINTIFF having moved for entry of Default and Default Judgment against the defendants identified on Annex A attached hereto which have not yet been dismissed from this case or otherwise appeared (collectively, "Defaulting Defendants");

PLAINTIFF having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, PLAINTIFF has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of PLAINTIFF's federally registered patent (the "PLAINTIFF Patent") to residents of Illinois. In this case, PLAINTIFF has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the PLAINTIFF Patent. *See* Docket No.[6], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing versions of the PLAINTIFF Patent.

A list of the PLAINTIFF Patent s is included in the below chart.

| Registration Number | Title | Filing Date |
|---|---|---|
| US D934,576 | MIRROR | August 14, 2020 |

This Court further finds that Defaulting Defendants are liable for willful federal patent infringement arising under 35 U.S.C. §§ 271, 281, and 284 – 85.

Accordingly, this Court orders that PLAINTIFF's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the PLAINTIFF Patent or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Patent;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF Patent;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to

    be sold or offered for sale, and which bear PLAINTIFF Patent or any reproductions, infringing copies or colorable imitations.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at PLAINTIFF's choosing:

    a. transfer the Defendant Domain Names to PLAINTIFF's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of PLAINTIFF's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of PLAINTIFF's selection; or

    b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account

        that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the PLAINTIFF Patent; and

        b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PLAINTIFF Patent or any reproductions, infringing copies or colorable imitations thereof that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Patent.

4. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the PLAINTIFF Patent.

5. Pursuant to 35 U.S.C. § 284, PLAINTIFF is awarded compensatory damages from each of the Defaulting Defendants in the amount of listed below, including for willful infringement of PLAINTIFF'S Patent on products sold through at least the Defendants Internet Stores. This award shall apply to each Defaulting Defendant only once.

    a. PLAINTIFF is awarded $200,000.00 from Defendant Puiuisoul Stores and Defendant Koolstuffs;

    b. PLAINTIFF is awarded $75,000.00 from Defendant Keyfisher, Defendant Ebaicycle, and Defendant ChaoYueLin;

    c. PLAINTIFF is awarded $40,000.00 from Defendant Fuyan sport;

    d. PLAINTIFF is awarded $20,000.00 from Defendant Wototic us, Defendant Maoyun, Defendant Unplug Studios, and Defendant fei99Long4.

6. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 5 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the compensatory damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to PLAINTIFF as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to PLAINTIFF the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until PLAINTIFF has recovered full payment of monies owed to it by any Defaulting Defendant, PLAINTIFF shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that PLAINTIFF identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, PLAINTIFF may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: February 13, 2025

_____
Judge Rebecca R. Pallmeyer
United States District Judge

**Annex A – Defaulting Defendants**

| Def. No. | Defendant / Seller Alias / Defendant Marketplace | Amazon Seller ID | ASIN |
|---|---|---|---|
| 1 | Puiuisoul Stores | A512AGAEMWQHJ | B0CRVCBMZ6 |
| 2 | Unplug Studios | A1UM32ZIT9FH5R | B0CSFV9CY2 |
| 3 | ChaoYueLin | A1Y5NH20T2EF1E | B0CG8K3B52 |
| 4 | Ebaicycle | A24S45DHO2KVZJ | B0CKN19QT8 |
| 5 | fei99Long4 | A306JMOTBNF77U | B0CWCTLWQ5 |
| 6 | Fuyan sport | A9BNF78JFNXP0 | B0CX4YDCB8 |
| 7 | Keyfisher | A2SBIVHM6NXU9R | B0CGHQSW5M |
| 8 | Koolstuffs | AP82LQRQJGDMM | B0CKL5CGCG |
| 9 | Maoyun | A8AU0K9W7ZW2X | B0BVTMB6ZL |
| 11 | Wototic us | A3MIEAM6U49JU1 | B0CTK2FJ9C |